## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| DEBORAH OZIER, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No.: 17-cv-118 |
| ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, ) | |
| vs. ) ) | |
| ) | **Jury Trial Demanded** |
| REV-1 SOLUTIONS, LLC, ) ) | |
| Defendant. ) | |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Deborah Ozier is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5.      Defendant REV-1 Solutions, LLC ("REV-1") is a foreign limited liability company with its principal place of business located at 517 US Hwy 31 N, Greenwood, IN 46142.

6.     REV-1 is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.     REV-1 is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. REV-1 is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8.     On or about November 16, 2016, REV-1 mailed three debt collection letters to Plaintiff regarding alleged debts. Copies of these letters are attached to this complaint as Exhibit A, Exhibit B and Exhibit C.

9.     The alleged debts in Exhibits A, B and C were for personal medical services, allegedly owed to "COLUMBIA ST. MARY'S."

10.     Upon information and belief, Exhibits A, B and C are form letters, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.     Upon information and belief, Exhibits A, B and C are form debt collection letters used by REV-1 to attempt to collect alleged debts.

12.     Upon information and belief, Exhibits A, B and C are the first written communications that REV-1 sent to Plaintiff regarding the alleged debts to which Exhibits A, B and C refer.

13.     Exhibits A, B and C contain the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g(a).

14.     Exhibit A also contains the following text:

Date of service 01/27/16 in the amount of $26.23

15.     Exhibit B also contains the following text:

Date of service 01/25/16 in the amount of $66.93

16.     Exhibit C also contains the following text:

Date of service 01/26/16 in the amount of $26.30

17.     Months elapsed between the "date of service" and the other date printed on Exhibits A, B and C.

18.     It is not clear whether the amounts on Exhibits A, B and C are the actual amounts that REV-1 is attempting to collect.

19.     For example, under Wisconsin law, parties can contract for the addition of interest on outstanding obligations. If Plaintiff and Columbia St. Mary's agreed to a contractual interest rate, Exhibits A, B and C would understate the amount owed.

20.     Regardless of whether the amounts sought in Exhibits A, B and C are the correct amounts or are not correct, REV-1's letters (Exhibits A, B and C) fail to clearly state the amount of the debt on the date that the letter is sent to the consumer, in violation of 15 U.S.C. §§ 1692e and 1692g(a)(1).

21.     15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22.     15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

23.     15 U.S.C. § 1692e(10) also prohibits any "false representation or deceptive means to collect or attempt to collect any debt.

3

24. The Seventh Circuit has held that a debt collector must state the correct amount of the debt on the date a letter is sent to a consumer. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000):

> It is no excuse that it was "impossible" for the defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due--interest and other charges as well as principal--on the date the dunning letter was sent. We think the statute required this.

25. While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

26. REV-1's letters (Exhibits A, B and C) fail to state the amount of the debt on the date that the letters are sent to the consumer.

27. The letters identify a date of service and a specified dollar amount, but then confuse and mislead as to what the actual amount due is.

28. Thus, the amount represented may or may not be the actual "amount of the debt" on Exhibits A, B and C.

4

29.     REV-1's misrepresentation is a material false statement (*see Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)) because it misleads the unsophisticated consumer about the amount of the debt. 15 U.S.C. § 1692e(2)(a).

30.     Plaintiff was confused by Exhibits A, B and C.

31.     Plaintiff had to spend time and money investigating Exhibits A, B and C and the consequences of any potential responses to Exhibits A, B and C.

32.     Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibits A, B and C.

33.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this

reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. The language in REV-1's letters is false, misleading and confusing to the unsophisticated consumer, in that the language fails to state an amount of the debt.

37. REV-1's misrepresentation is a material false statement. Failure to state the amount of the debt is conduct that Congress has expressly made a violation of the FDCPA. 15 U.S.C. § 1692e(2)(a).

38. Failure to provide an accurate amount of the debt is also a "false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

39. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g(a)(1).

## CLASS ALLEGATIONS

40.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibits A, B and C to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) Between January 25, 2016 and January 25, 2017, (e) that was not returned by the postal service.

41.     The Class is so numerous that joinder is impracticable.   On information and belief, there are more than 50 members of the Class.

42.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(1).

43.     Plaintiff's claims are typical of the claims of the Class members.   All are based on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

46.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

7

(a)      actual damages;

(b)      statutory damages;

(c)      attorneys' fees, litigation expenses and costs of suit; and

(d)      such other or further relief as the Court deems proper.

Dated:  January 25, 2017

**ADEMI & O'REILLY, LLP**

By:     /s/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mary A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge @ademilaw.com
        dmorris@ademilaw.com