| | |
|---|---|
| DEBORAH OZIER,<br><br>          Plaintiff,<br>v.<br><br>REV-1 SOLUTIONS, LLC,<br><br>          Defendant. | Case No. 17-CV-118-JPS<br><br>**ORDER** |

**1. INTRODUCTION**

Plaintiff Deborah Ozier ("Ozier") filed this case on her own behalf and on behalf of all others similarly situated alleging that defendant Rev-1 Solutions, LLC ("Rev-1"), a debt collection agency, sent her misleading collection letters in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Docket #1).

On March 30, 2017, Rev-1 filed a motion to dismiss the complaint along with a brief in support of the motion. (Motion, Docket #14; Brief in Support, Docket #15). Ozier filed a brief in opposition on April 6, 2017. (Docket #16). Rev-1 submitted a reply in support of its motion on April 13, 2017. (Docket #18). For the reasons explained below, the Court will grant the defendant's motion and dismiss the complaint.[1]

---

[1] After the motion was fully briefed, Ozier filed a motion for leave to submit additional authority from the Seventh Circuit in opposition to the defendant's motion to dismiss, along with a copy of the Seventh Circuit case she wanted the Court to consider. (Docket #19). The Court will grant plaintiff's motion to introduce additional authority, but it will not be enough to carry the day for her.

## 2. STANDARD OF REVIEW

The defendant has moved to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing the plaintiff's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Id.* at 480-81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

## 3. RELEVANT ALLEGATIONS

The facts of this case are few and straightforward. Rev-1 sent Ozier three letters seeking the collection of outstanding debts for personal medical services, in the amount of $26.23, $66.93, and $26.30, respectively. (Docket #1 at 2-3). Each letter identified Rev-1's client as Columbia St. Mary's. (Docket #1-1, 1-2, and 1-3). The letters included the account number associated with the debt and the date of the medical service for which the

debt was incurred. *Id*. For example, the following information appeared on the front page of the first letter Rev-1 sent to Ozier:

```
Account of: DEBORAH K OZIER
Client: COLUMBIA ST. MARY'S
Account Number: ███████1299
Date of service 01/27/16 in the amount of $26.23
```

Notice: See Reverse Side for Important Information.

(Docket #1-1 at 2).

The second page of each letter included a form the debtor could return with a payment and stated the name of the person owing the debt, the date of service, account number, and balance due. (Docket #1-1, 1-2, and 1-3). For example, the following information appeared on the back page of the first letter Rev-1 sent to Ozier:



(Docket #1-1 at 3).

For all three letters, the debt amount on the first page was the same as the balance due stated on the second page. (Docket #1-1, 1-2, and 1-3). The letters say nothing about interest on the debt. *Id.* The collection letters were sent several months after the date the medical service was provided. (Docket #1 at 3).

Ozier contends that by stating the balance due along with the date of service, and not stating whether or not the debt was accruing interest, the

letters were misleading in that they did not make clear whether the amount stated was in fact the amount due as of the letter's date. *Id.* at 3. Ozier claims, for example, that "under Wisconsin law, parties can contract for the addition of interest on outstanding obligations. If Plaintiff and Columbia St. Mary's agreed to a contractual interest rate, [the letters] would understate the amount owed." *Id.* Ozier does not allege that she and Columbia St. Mary's had in fact agreed to a contractual interest rate. *See generally* (Docket #1).

4. ANALYSIS

    4.1 Rev-1's Letters Were Not False, Deceptive, or Misleading

Ozier first claims that Rev-1's letters violate Sections 1692e, 1692e(2)(a), and 1692e(10) of the FDCPA. Those sections provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of-
>
>    (a) the character, amount, or legal status of any debt
>
> . . .
>
> (10) The use of any false representation of deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

In the Seventh Circuit, FDCPA claims are evaluated under the objective "unsophisticated consumer standard." *Gruber v. Creditors' Prot.*

*Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014). Such a person may, on one hand, be "uninformed, naive, or trusting, but on the other hand [she] does possess rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences." *Id.* (internal quotation marks omitted). Additionally, "while the unsophisticated consumer may tend to read collection letters literally, [she] does not interpret them in a bizarre or idiosyncratic fashion." *Id.* at 274 (internal quotation marks omitted). If not even "a significant fraction of the population would be misled" by the debt collector's letter, dismissal is required. *Id.* quoting *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012).

Ozier's core argument is that each of Rev-1's letters contain a "material false statement" that "misleads the unsophisticated consumer about the amount of the debt" because the letters do not inform Ozier whether her debts were accruing some amount of interest that was not included in the stated balance. (Docket #1 at 5); (Docket #16 at 5 ("None of the letters represent whether or not interest is being charged or what the balance due is as of the date of the letter.")). Ozier impliedly concedes that the amounts Rev-1 sought to collect were the amounts incurred for medical services and were not subject to accruing interest; indeed, she does not allege that the amounts Rev-1 attempted to collect were actually understated or incorrect. In other words, Ozier invites the Court to find deceptive Rev-1's failure to *affirmatively* state that the debts Rev-1 sought to collect were *not* accruing interest. (Docket #16 at 11).

The FDCPA requires a debt collector to accurately, and without deceptive language, state the amount of the debt owed. 15 U.S.C. § 1692e.

It does not, as Ozier asks this Court to find, require a debt collector to state the inapplicability of interest. Rev-1's letters stated on the front page the exact amount Rev-1 sought to collect. The back of the letters included a tear-off form, stating the same balance due as on the front page of the letters, that the debtor could fill out and mail in with her payment. The term "interest" is never mentioned. The unsophisticated consumer would not interpret the letters to indicate that anything other than the balances stated in the letters and repeated on the tear-off sheets were the actual amounts owed. *See Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 841 (7th Cir. 2007) ("[A] 'tearoff' section of the letter that Plaintiffs are directed to return with their payments lists the 'Current Amount Due' and nothing more. Absent some particularly ambiguous language in the rest of the letter, we cannot see how an unsophisticated consumer would interpret the tearoff to indicate that anything other than the 'Current Amount Due' was 'the amount of the debt.'").

Rev-1's letters are unlike those in *Miller*, a case Ozier cites in support of her argument, where the Seventh Circuit found a collection letter violated the FDCPA because it stated the amount of unpaid principal on the debt, noted that the amount did not include unpaid interest, late charges, escrow advances, or other charges, and then invited the mortgagor to call an 800 number to obtain complete figures. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). The defendant in *Miller* sought to collect an amount above the amount stated in the letter; that is not the case here. Rev-1's letters do not include language about interest, late charges, or escrow advances, and Rev-1 has not indicated (and Ozier has not alleged) that Rev-1 sought to collect such charges. Ozier takes issue with Rev-1 having included, in addition to the

amount of debt, the date the medical service was performed for which the debt was incurred. Far from lending confusion to the letters, this information is helpful for the debtor to identify the source of the debt. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) (the unsophisticated consumer has "a reasonable knowledge of her account's history").

Ozier next argues that because the Seventh Circuit has held that debt collectors may add five percent interest to medical debts under Wisconsin state law without a judgment, *see Aker v. Americollect, Inc.*, 854 F.3d 397, 399–400 (7th Cir. 2017), Rev-1 should have affirmatively notified Ozier in its letters that it was not collecting such interest on her medical debt. (Docket #19). But, again, Ozier does not allege that Rev-1 intended to collect interest, and she does not dispute that the amount Rev-1 stated in its letters was the total amount Rev-1 sought to collect. That Rev-1 might have lawfully collected more does not change the analysis here.

In her final attempt to stave off dismissal, Ozier asks this Court to conclude that the statements in Rev-1's letters are, if not *plainly* misleading, confusing enough that they might possibly mislead or deceive the unsophisticated consumer and therefore this case is one where introduction of extrinsic evidence, such as consumer surveys, is appropriate. *See Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009) (describing the category of FDCPA cases in which allowance of extrinsic evidence is appropriate). Because the Court finds, for the reasons stated above, that Rev-1's letters are "plainly, on their face, . . . not misleading or deceptive[,]" the Court declines Ozier's invitation to deny Rev-1's motion to allow Ozier the opportunity to collect extrinsic evidence. *Id.*

The FDCPA simply does not mandate that debt collectors state the inapplicability of interest on debts not accruing interest. As the Seventh Circuit has aptly noted, requiring such superfluous information "would relieve the unsophisticated consumer from the minimal obligation to be able to make basic logical deductions and inferences and to not interpret collection letters in a bizarre or idiosyncratic fashion[.]" *Barnes*, 493 F.3d at 841. Ozier's Section 1692e claims must be dismissed.

**4.2   Rev-1's Letters Do Not Violate Section 1692g**

Ozier also alleges that Rev-1's letters violate of Section 1692g of the FDCPA, which provides that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, sent the consumer a written notice containing—
>
> (1) the amount of the debt.

15 U.S.C. §1692g(a)(1).

Ozier contends that because Rev-1's initial communications—the letters at issue here—did not contain information about the inapplicability of interest, they did not accurately state the "amount of the debt" and Rev-1 should have, but did not, follow up with an additional notice containing the proper debt amount. (Docket #16 at 16-17). Because the Court finds that Rev-1's initial letters accurately state the amount of debt it sought to collect, Ozier's Section 1692g claim must also fail.

5. **CONCLUSION**

For the reasons stated herein, Ozier has failed to state a claim on which relief can be granted. Her complaint must, therefore, be dismissed.[2]

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to file additional authority in opposition to the defendant's motion to dismiss (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to certify class (Docket #3) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] Ozier's motions to certify class, to stay briefing on the motion to certify, and for relief from the local rule requiring a brief be filed contemporaneously with a motion will be denied as moot. (Docket #3).